UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW McDERMOTT,

Plaintiff,

v.

LIGHT THE REGION MEDIA LLC,

Defendant.

---

**DECISION AND ORDER**

6:23-CV-06094 EAW

## INTRODUCTION

Plaintiff Matthew McDermott ("Plaintiff") commenced an action on February 2, 2023, alleging that Defendant Light the Region Media LLC ("Defendant") infringed on Plaintiff's copyright interests under 17 U.S.C. § 501 *et seq*. (Dkt. 1).

Currently before the Court is Plaintiff's motion for default judgment, filed on May 18, 2023. (Dkt. 10). Plaintiff requests judgment in the amount of $30,000 in statutory damages, $900 in attorney's fees, and $440 in costs. (*Id.* at 1). Plaintiff served the motion on Defendant at its last known business address. (Dkt. 15). Defendant has not appeared or filed an answer in this action. For the reasons set forth below, Plaintiff's motion for default judgment is granted and Plaintiff is awarded a total amount of $8,390, reflecting $7,500 in statutory damages, $450 in attorney's fees, and $440 in costs, for Defendant's willful single-use copyright infringement.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's complaint and motion papers and are accepted as true in light of Defendant's default. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.,* 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . .").

Plaintiff is a professional photographer who owns the rights to original, creative works and licenses them to online and print publications. (Dkt. 1 at ¶¶ 2, 10-13). On or about August 26, 2021, Plaintiff authored a photograph of New York Governor Kathy Hochul and then-State Senator Brian Benjamin, and the photo was first published by the New York Post that day. (*Id.* at ¶¶ 22-23; Dkt. 12-5). Plaintiff's name is included in the caption underneath the photo. (Dkt. 12-5). Plaintiff registered the photo with the United States Copyright Office (USCO) effective September 7, 2021, with the registration number VA 2-267-901. (Dkt. 1 at ¶ 23; Dkt. 12-4 at 4).

Defendant is a New York limited liability company with its principal place of business at 75 Main Street, Geneseo, New York, 14454. (Dkt. 1 at ¶ 6). This address is Defendant's last known business address and is the address at which (via first-class mail) it was served motion papers, the Clerk's entry of default, and the Court's briefing schedule for the instant motion. (Dkt. 8; Dkt. 15).

On August 27, 2021, Plaintiff first observed the photo at issue on Defendant's website, www.geneseesun.com, in a story dated the day before. (Dkt. 1 at ¶ 24; Dkt. 1-2). Defendant displayed and stored the photo on the website that it owned and operated, without Plaintiff's authorization or permission. (Dkt. 1 at ¶¶ 3, 25-27). Plaintiff notified Defendant on October 26, 2022 that it had infringed on Plaintiff's copyright, to no avail. (*Id.* at ¶ 14). Plaintiff again notified Defendant of the copyright infringement on November 9, 2022, also to no avail. (*Id.* at ¶ 15).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action against Defendant on February 2, 2023, alleging direct copyright infringement under 17 U.S.C. § 501 *et seq*. (*Id.* at ¶¶ 44-52). The affidavit of service indicates that Defendant was served by delivering the process to the New York State Secretary of State on February 10, 2023, pursuant to section 303 of New York's Limited Liability Company Law. (Dkt. 4). Defendant failed to file a responsive pleading, and the Clerk of Court entered a default against Defendant on March 17, 2023. (Dkt. 6). Plaintiff served Defendant via first-class mail the request for an entry of default and the Clerk's entry of default. (Dkt. 8).

Plaintiff filed the instant motion for a default judgment on May 18, 2023. (Dkt. 10). The Court ordered Defendant to respond by June 16, 2023. (Dkt. 14). Plaintiff served a copy of the Court's Order and Plaintiff's motion papers on Defendant at its last known business address via first-class mail. (Dkt. 15). Defendant failed to respond.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As noted above, Plaintiff obtained an entry of default in this case. (Dkt. 6).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . ." *Cement & Concrete Workers*, 699 F.3d at 234 (quotation omitted); *see also Philip Morris USA Inc. v. 5 Brothers Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) ("Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.") (citation omitted).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258(JS)(AKT), 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). The three factors include: (1) "whether the defendant's default was willful"; (2) "whether the defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of

the denial of the motion for default judgment." *Id.* "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotations and citation omitted). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

## II. Willfulness

The Court's first inquiry is whether Defendant's default was willful. In this, "Defendant's failure to appear, failure to respond to the Complaint, and failure to respond to the instant motion sufficiently demonstrate willfulness." *Krevat*, 2014 WL 4638844, at *6 (citation omitted); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998) ("willful" default found when "the conduct of counsel or the litigant was egregious and was not satisfactorily explained," such as "for flimsy reasons, [failure] to comply with scheduling orders," or failing to answer a complaint after evading service for months); *Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02Civ.9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) ("Defendants, having failed to respond in any way to the Summons and Complaint or otherwise make any appearance in this action and having failed to provide any explanation for its failure to defend, have defaulted willfully.").

Plaintiff has submitted proof of service demonstrating that the summons and complaint were served on Defendant through the Secretary of State pursuant to New York's

Limited Liability Law § 303.[1] Moreover, Plaintiff's motion for default judgment was served upon Defendant via first-class mail at the address listed for the company with the New York Secretary of State. (Dkt. 15). Defendant did not respond to either the summons and complaint, or the motion for default judgment. Thus, the Court concludes that Defendant's default was willful.

**III. <u>Meritorious Defenses</u>**

The Court next considers whether Defendant has meritorious defenses to Plaintiff's claims. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quotation and citation omitted). "While a defendant need not establish his defense conclusively, he must 'present evidence of facts that, if proven at trial, would constitute a complete defense.'" *Krevat*, 2014 WL 4638844, at *6 (quotation and citation omitted).

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.*

---

[1] This state-court service provision, which is available in federal court pursuant to Federal Rule of Civil Procedure 4, provides that service on a limited liability company "shall be made by personally delivering to and leaving with the secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee" and that such service "shall be complete when the secretary of state is so served." Compliance with this provision with respect to Defendant is apparent from a review of the affidavit of service. (*See* Dkt. 4).

> The fact that a complaint stands unanswered does not, however, suffice to establish liability on [the] claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.

*Said v. SBS Electronics, Inc.*, No. CV 08-3067(RJD)(JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010); *see also Krevat*, 2014 WL 4638844, at *7 ("Even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims."). As such, the Court must assess whether Plaintiff's allegations, accepted as true, demonstrate Defendant's liability as to copyright infringement.

To establish copyright infringement, the plaintiff must show: "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020) (citation omitted). A plaintiff sufficiently establishes ownership of a valid copyright through a certificate of registration from the USCO. *Scott Serio d/b/a Eclipse Software v. Skijor, USA, Inc.*, No. 23-cv-438 (LJL), 2023 WL 8372894, at *2 (S.D.N.Y. Dec. 4, 2023) (citing *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003)).

Here, Plaintiff satisfies the first element by submitting a registration from the USCO. (Dkt. 12-4 at 4). As to the second element, Plaintiff's complaint includes a copy of the photo that Plaintiff authored. (Dkt. 1-1). Plaintiff also submits a screenshot of the photo on Defendant's website. (Dkt. 1-2). Since the images are "identical," Plaintiff has

established that Defendant copied Plaintiff's copyrighted work without authorization. *See Serio*, 2023 WL 8372894, at *3 (quotation omitted) (finding the second element established when the plaintiff submitted the copyrighted photo and a screenshot of the photo on the defendant's website). Accordingly, Plaintiff has sufficiently established a claim for copyright infringement.

## IV. **Prejudice**

Finally, the Court finds that Plaintiff would be prejudiced in the absence of a default judgment. "[I]n light of the defaulting Defendants' failure to respond and Plaintiffs' efforts to prosecute their case, ignoring the default would prejudice Plaintiffs in that they have expended time and money in prosecuting this case; they deserve an adjudication; and Defendants' infringing conduct is likely ongoing." *Broadcast Music, Inc. v. Bayside Boys, Inc.*, No. 12-CV-03717 (CBA)(VMS), 2013 WL 5352599, at *5 (E.D.N.Y. Sept. 23, 2013).

Based on the foregoing analysis, the Court concludes that Plaintiff is entitled to default judgment. The Court accordingly considers the availability of the various forms of relief requested by Plaintiff.

## V. **Damages**

Plaintiff seeks $30,000 in statutory damages from Defendant. (Dkt. 11 at 4).[2] "Upon establishing a defendant's liability, the only remaining question is whether the

---

[2] Plaintff sought a permanent injunction enjoining Defendant from "any infringing use of any of Plaintiff's works" in the complaint (Dkt. 1 at 6) but did not include the request in the instant motion. Therefore, the Court does not address that issue.

plaintiff has provided adequate evidentiary support for the damages sought." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citing *Greyhound Exhibitgroup, Inc. v. E.LU.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "[T]he Court must conduct its own analysis to 'ascertain the amount of damages with reasonable certainty' by first 'determining the proper rule for calculating damages on [the given] claim' and then 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Annuity, Pension, Welfare, Training & Labor Mgmt. Coop. Trust Funds v. Coastal Envtl. Grp., Inc.*, No. 18 Civ. 5773 (AMD) (ST), 2019 WL 4603805, at *3 (E.D.N.Y. Sept. 5, 2019) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)), *report and recommendation adopted*, 2019 WL 4602851 (E.D.N.Y. Sept. 23, 2019). The plaintiff "bears the burden to demonstrate 'that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *Id.* (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159). "A court may make a damages determination upon a review of detailed affidavits and documentary evidence." *Gov't Emp. Ins. Co. v. Erlikh*, No. 16-CV-7120-DLI-SJB, 2019 WL 1487576, at *9 (E.D.N.Y Feb. 28, 2019) (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991)).

Section 504(a) of the Copyright Act provides that a copyright owner may recover either actual damages or statutory damages for infringement. 17 U.S.C. § 504(a)(1)-(2). To recover statutory damages and attorney's fees under §§ 504 and 505 for an infringement of a published work, the work must be registered with the USCO and the effective date of

the registration must be within three months of the first publication of the work. *See* 17 U.S.C. § 412(2). In this case, the photograph was first published on August 26, 2021, and it was registered with the USCO on September 7, 2021. (Dkt. 1 at ¶ 23; Dkt. 12-4 at 4). Since the photo was registered well within the three-month timeframe after it was first published, Plaintiff's claim qualifies for statutory damages and attorney's fees.

Here, Plaintiff seeks statutory damages. (Dkt. 11 at 4). A copyright owner seeking statutory damages may recover between $750 and $30,000 for each work infringed, "as the court considers just." 17 U.S.C. § 504(c)(1). When the defendant's copyright infringement is willful, the court can increase the award to $150,000. *Id.* § 504(c)(2). The plaintiff can establish willful infringement by showing that "the defendant was actually aware of the infringing activity, or . . . the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to," the plaintiff's copyright interests. *Serio*, 2023 WL 8372894, at *4-5 (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

The Court "enjoys wide discretion" when determining the award amount in these circumstances. *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010) (quotation omitted). "Courts consider the following factors in determining an award of statutory damages: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the

parties." *Malibu Media, LLC v. Rios*, No. 18 Civ. 346 (PGG) (GWG), 2021 WL 942737, at *3 (S.D.N.Y. Mar. 11, 2021) (quotation omitted). The amounts awarded by other courts in the Second Circuit in similar cases also guide a court's calculation, "to ensure Plaintiff receives a fair and just recovery." *Serio*, 2023 WL 8372894, at *3 (citation omitted).

In cases involving a single use copyright infringement, courts in the Second Circuit have typically awarded statutory damages between $1,000 and $5,000. *Id.* at *5 (awarding $1,000 for infringement of a single photo); *Adlife Mktg. & Commc'ns Co. v. Sander Brothers of New York, Inc.*, No. 19-CV-886-LJV, 2021 WL 1558400, at *4-5 (W.D.N.Y. Apr. 21, 2021) (awarding $2,500 per infringed photograph); *Verch v. Blockchain Techs. Corp.*, No. 20-cv-2631 (LJL), 2021 WL 1198784, at *2 (S.D.N.Y. Mar. 30, 2021) (collecting cases). While courts award more damages when the defaulting defendant is found to have willfully infringed the plaintiff's copyright, these awards still "tend to be at the lower end." *Stokes v. MilkChocolateNYC LLC*, No. 22 Civ. 6786 (PAE) (RWL), 2023 WL 4447073, at *8 (S.D.N.Y. July 11, 2023) (collecting cases with awards ranging from $7,500 to $20,000 per photograph).

Plaintiff seeks $30,000 in statutory damages. (Dkt. 11 at 4). Plaintiff argues that this amount is justified "as a deterrent to willful infringers." (*Id.* at 6). Noting that a copyright holder is not required to submit evidence of actual losses to recover statutory damages, Plaintiff declines to provide such information. (*Id.*). Plaintiff urges the Court to find Defendant's infringement to be willful based on Defendant's failure to appear or respond to the claim. (*Id.* at 4).

The Court awards $7,500 in statutory damages. The Court finds that Defendant's infringing conduct was willful based not only on its failure to appear, but also because Plaintiff notified Defendant of its infringing conduct twice before filing this action, first on October 26, 2022, and then again two weeks later. (Dkt. 1 at ¶¶ 14-15). Based on the screenshot of Defendant's website that Plaintiff submitted, the offending photograph was still posted on the website as of November 23, 2022. (Dkt. 1-2). Defendant's failure to remove the photograph by that point demonstrates that it acted willfully because it was "actually aware of the infringing activity." *See Serio*, 2023 WL 8372894, at *4-5. Defendant's willfulness can also be inferred because Plaintiff's name was visible in the caption underneath the photo when it was first published in the New York Post (Dkt. 12-5), yet Defendant omitted Plaintiff's name when Defendant later posted the photo online (Dkt. 1-2).

In considering the second factor used to determine the amount of statutory damages, the Court is unable to ascertain Defendant's expenses saved, as well as profits earned. Similarly, the Court is unable to assess Defendant's cooperation in providing evidence concerning the value of the infringing material (factor five).

As to the third factor, Plaintiff's lost revenue is unknown because Plaintiff elected not to provide evidence of actual losses. Regarding the fourth factor, the Court reasons that an award of $7,500 is sufficient to deter Defendant and other would-be infringers from engaging in similar conduct. Furthermore, this amount is in line with other statutory

awards in the Second Circuit for willful, single use copyright infringements. *See Stokes*, 2023 WL 4447073, at *8.

The Court finds that an award of less than $30,000 is warranted because Defendant used the photograph featuring state political officials to accompany an ostensible political news story or editorial, and such "collateral use of the [p]hotograph weighs against an overly aggressive award because there is a likelihood that Defendant could have obtained the same benefit by substituting a different background photograph in the public domain." *Stokes*, 2023 WL 4447073, at *8 (noting that an award of $30,000 was appropriate when the copyrighted work was sold or distributed as a product unto itself but not when the infringing use was collateral).

**VI. Attorney's Fees and Costs**

Plaintiff seeks $900 in attorney's fees and $440 in costs. (Dkt. 11 at 9). "The Copyright Act provides that the court may award reasonable attorney's fees to the prevailing party at its discretion." *Broadcast Music, Inc. v. Northern Lights, Inc.*, No. 1:07-CV-476 (GLS/RFT), 2009 WL 2319970, at *3 (N.D.N.Y. July 28, 2009); *see* 17 U.S.C. § 505. "In determining what constitutes reasonable attorney's fees, the court should consider the amount of work involved, the skill employed, damages at issue, and the result achieved." *Broadcast Music, Inc., v. 315 W. 44th St. Rest. Corp.*, No. 93 CIV. 8082 (MBM), 1995 WL 408399, at *5 (S.D.N.Y. July 11, 1995) (citation omitted). "The 'presumptively reasonable fee' is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Broadcast Music, Inc. v. Pamdh*

*Enterprises, Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *6 (S.D.N.Y. June 19, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). The reasonable hourly rate is presumptively based on the rate in the reviewing court's district. *See Adlife*, 2021 WL 1558400, at *5 (citing *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009)). The court may use another hourly rate based on counsel's expertise and experience as well as a showing by the plaintiff that an in-district attorney "would produce a substantially inferior result." *See Simmons*, 575 F.3d at 175-76.

Plaintiff seeks an hourly rate of $600, the normal rate that Plaintiff's attorney charges in similar cases. (Dkt. 12 at ¶ 16). Plaintiff's attorney is a senior associate at a New York City area law firm that specializes in copyright enforcement of photographs and videos. (*Id.* at ¶ 15). The attorney has over twenty years of experience in intellectual property law. (*Id.*). The requested fee of $900 for this case is based on the 1.5 hours that Plaintiff's attorney spent researching and drafting the complaint and motion papers for the entry of default and default judgment. (*Id.* at ¶ 17).

The Court finds that the requested fee is unreasonable in light of the prevailing hourly rate in this district for cases involving default judgments of copyright infringements. *See Adlife*, 2021 WL 1558400, at *5 (holding $180 per hour to be reasonable); *Farrington v. Fingerlakes1.com, Inc.*, No. 19-CV-6802-FPG, 2020 WL 7350336, at *7 (W.D.N.Y. Dec. 15, 2020) (awarding $180 per hour); *see also Prepared Food Photos, Inc., v. Shadowbrook Farm LLC*, No. 1:22-CV-00704 (LEK/ATB), 2023 WL 4199412, at *6 (N.D.N.Y. June 27, 2023) (awarding $450 per hour); *Sadowski v. Urbanspotlite LLC*, No.

1:22-cv-00887 (BKS/DJS), 2023 WL 2838376, at *5-6 (reducing the hourly rate to $350). Nor has Plaintiff made a showing that an in-district attorney would have produced a substantially inferior result in this case. Having spent only 1.5 hours on this relatively straightforward case, Plaintiff's attorney worked efficiently. Accordingly, the Court finds that an effective hourly rate of $300 is reasonable under the circumstances, for a total fee of $450 awarded to Plaintiff's attorney.

Additionally, Plaintiff requests $440 in costs, for the court filing fee and service of the complaint. (Dkt. 4; Dkt. 12 at ¶ 17). Plaintiff is entitled to these costs. *Malibu Media, LLC v. Doe*, No. 19-cv-3806 (DRH)(SIL), 2020 WL 8093340, at *5 (E.D.N.Y. Dec. 2, 2020) (awarding court costs and noting that "[t]he Copyright Act authorizes a court, 'in its discretion,' to order the payment of court costs to the prevailing party") (citation omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment (Dkt. 10) is granted. Plaintiff is awarded $7,500 in statutory damages, $450 in attorney's fees, and $440 in costs, for a total award of $8,390.

The Clerk of Court is directed to enter a total judgment in favor of Plaintiff, in the amount of $8,390 consistent with this Decision and Order, and close this case.

Plaintiff shall serve a copy of this Decision and Order on Defendant at its last known address and shall file proof of service of the same.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 15, 2023
Rochester, New York